IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 11-00231-02-CR-W-NKL |
| ANTHONY RICHARD PAULING, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On March 13, 2012, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

### *I. BACKGROUND*

On September 21, 2011, Defendant was indicted, inter alia, with one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. A change-of-plea hearing was held on March 13, 2012. Defendant was present, represented by appointed counsel Steve Moss. The government was represented by Assistant United States Attorney Bruce Rhoades. The proceeding was recorded and a transcript of the hearing was filed on March 14, 2012 (Doc. No. 65).

### *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for

2

approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. On September 21, 2011, an indictment was returned charging Defendant with, inter alia, one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Defendant indicated that he understood the nature of the charge (Tr. at 4).

3. The statutory penalty for the charge to which Defendant is pleading guilty is not less than ten years but not more than life imprisonment, a fine of not more than $10,000,000, a supervised release term of not less than five years, and a $100 mandatory special assessment fee (Tr. at 4). Defendant was informed of the penalty range and indicated that he understood (Tr. at 4).

4. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 5);

   c. That Defendant is presumed innocent, and the government has the

burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 5-6);

 d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 6);

 e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 6-7);

 f. That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 7); and

 g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 7-8).

5. Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 8).

6. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 8-9).

7. Government counsel stated that if this case were to be tried, the government would call a number of witness who would talk about statements Defendant made about his involvement in trafficking of large amounts of marijuana into the Kansas City area (Tr. at 9). The government would also rely on Defendant's own statements that Defendant knows he brought more than 1,000 kilograms of marijuana into Kansas City that was later distributed by others (Tr. at 10). Additionally, the government would put into evidence approximately 1,400 kilograms of marijuana that was seized from the vehicle driven by Defendant in Arizona (Tr. at 10). The marijuana was brought to Kansas

Case 4:11-cr-00231-DW   Document 66   Filed 03/29/12   Page 4 of 6

City, Missouri and a controlled delivery of the marijuana was made (Tr. at 10, 11). The government's evidence shows Defendant was involved in the conspiracy with others (Tr. at 10).

8. Defendant was placed under oath (Tr. at 11-12). Defendant stated that between January 1, 2011 and September 8, 2011, he, Mr. Henry, Mr. Wilson and Mr. Graves had an agreement to distribute 1,000 kilograms or more of marijuana (Tr. at 12-14). Defendant brought the marijuana in via an eighteen wheeler and others distributed it (Tr. at 13-14). Defendant did so knowingly and intentionally (Tr. at 15).

9. Defendant indicated that he understood the plea agreement he had with the government (Tr. at 16-27). As part of the agreement, the Government will dismiss Count II at sentencing (Tr. at 24).

10. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 28-29).

11. Defendant was satisfied with Mr. Moss's performance (Tr. at 29). There is nothing Defendant asked Mr. Moss to do that Mr. Moss did not do (Tr. at 29). Likewise, there is nothing Mr. Moss has done that Defendant did not want him to do (Tr. at 29).

12. Defendant is 61 years old (Tr. at 29). He has a high school education (Tr. at 29). He can read English, but does not always comprehend what he reads (Tr. at 29-30). Defendant understood everything that occurred during the change-of-plea proceeding (Tr. at 30). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty; he was not under the influence of any kind of drug or alcohol (Tr. at 30).

13. Defendant tendered a plea of guilty (Tr. at 32).

5

Case 4:11-cr-00231-DW   Document 66   Filed 03/29/12   Page 5 of 6

14. The parties waived the fourteen-day objection period to the Report & Recommendation (Tr. at 32-33).

## V. ELEMENTS OF THE CHARGED OFFENSE

To sustain a conviction of conspiracy to distribute marijuana, the government must prove that (1) there was an agreement to distribute; (2) that the defendant knew of the agreement; and (3) the defendant intentionally joined the conspiracy. See United States v. Savatdy, 452 F.3d 974, 977 (8th Cir. 2006); United States v. Shoffner, 71 F.3d 1429, 1433 (8th Cir. 1995).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 29, 2012

6

Case 4:11-cr-00231-DW   Document 66   Filed 03/29/12   Page 6 of 6